UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KEVIN LYNCH,

                Plaintiff,

  -against-

CHRISTINE SITARZ,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __7/19/2021__

19 CV 2648 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

      Pro se Plaintiff Kevin Lynch ("Plaintiff") alleges that Defendant Christine Siarz ("Sitarz"), his colleague at the United States Postal Service ("USPS"), damaged and/or destroyed his personal property between December 20, 2018 and January 14, 2019, and that as a consequence he lost property and suffered emotional and mental distress. (ECF No. 1-1.) On March 25, 2019, Sitarz removed this matter from the County of Dutchess Poughkeepsie City Court Small Claim Part. (ECF No. 1.) The United States of America has moved to substitute the United States as the defendant in this action and, upon substitution, to dismiss this action for lack of jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In opposition to the United States' motion, Plaintiff has attempted to late-file an amended complaint. For the reasons that follow, the Court deems Plaintiff's late-filed amended complaint the operative complaint, grants the motion to substitute the United States for Defendant Sitarz, construes the United States' motion as one to dismiss the Amended Complaint, and dismisses this matter for lack of subject matter jurisdiction without prejudice to recommencement.

BACKGROUND

The facts in this section are drawn from Plaintiff's Amended Complaint and attachments thereto (ECF No. 12-1) and are presumed to be true for purposes of this motion.

I.   **Factual Allegations**

Plaintiff alleges that at all relevant times he was employed by the USPS in Poughquag, New York (hereinafter, "the Poughquag Post Office"). Plaintiff alleges that he possessed numerous personal items that he kept at the Poughquag Post Office including holiday decorations, photographs, and artwork. He further alleges that he was out of the office from around December 20, 2018 to January 11, 2019, and that during that time Sitarzdamaged and/or discarded certain of Plaintiff's decorations and personal items, including some that were in his personal locker. He further alleges that the damage and destruction of his personal items has caused property loss and severe emotional distress.

II.   **Procedural History**

On January 29, 2019, Plaintiff filed a Small Claims Application in Poughkeepsie City Court Small Claim Part, County of Dutchess, asserting $3,000 in damages. (ECF No. 1-1.) On March 25, 2019, Defendant removed the case to this Court. (ECF No. 1.) On March 29, 2019, Defendant sought leave to file a motion to dismiss, acknowledging that the pleading standards for New York State Small Claims Court are different from those specified in the Federal Rules of Civil Procedure and that Plaintiff may wish to amend his complaint. (ECF No. 5.)

On April 20, 2019, Plaintiff filed an administrative claim with the USPS asserting $3,000 in property damage and $30,000 in personal injury (ECF No. 12-1 at 17-19 of 126). The USPS denied Plaintiff's claim on March 23, 2020. (ECF No. 12-1 at 17-18 of 126.)

On May 29, 2020, the Court issued an order granting Plaintiff leave to file an amended complaint on or before June 29, 2020, and setting a briefing schedule for Defendant's motion to substitute and dismiss. (ECF No. 6.) Plaintiff did not timely file an amended complaint. Pursuant to the Court's scheduling order, Defendant served Plaintiff with a copy of its motion papers on July 29, 2020. (ECF No. 12-2; *see* ECF No. 12.) In response, Plaintiff submitted to Defendant several documents including (1) a purported amended complaint, (2) an "affidavit in opposition to the motion for dismissal by the Defendant," (3) a letter to Defendant's counsel, and (4) several exhibits that Plaintiff avers constitute "proof of the items which were discarded, damaged or otherwise missing from the Poughquag Post Office." (ECF No. 12.) Defendant filed all motion papers including Plaintiff's opposition papers and Defendant's reply on September 15, 2020.

### REQUEST TO ACCEPT LATE-FILED AMENDED COMPLAINT

Even though it was improperly submitted in opposition to the United States' motion to substitute and dismiss rather than by June 29, 2020 as the Court instructed (ECF No. 6), and it would not otherwise conform to Fed. R. Civ. P. 15(a)(1)(B) insofar as it was mailed more than 21 days after of the United States served its moving papers on Plaintiff at the address for Plaintiff indicated on the, the Court accepts Plaintiff's late-filed Amended Complaint as the operative complaint in this action pursuant to Fed. R. Civ. P. 15(a)(2). Defendant indicated in its reply in support of its motion that, "[t]o the extent the Court accepts Plaintiff's amended complaint despite its belated filing, Defendant requests that its motion to dismiss be deemed as an application to dismiss the amended complaint given the amended complaint suffers from the same defects identified in Defendant's Motion." (ECF No. 12 at n.3.)

## MOTION TO SUBSTITUTE

The United States, not Sitarz, is the proper defendant in this action. The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA") permits "civil actions on claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). With certain exceptions not applicable here, this remedy "is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim." *Id.* § 2679(b)(1).

The FTCA provides that any state court action against a federal employee shall be removed to federal court "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." *Id.* § 2679(d)(2). The FTCA further provides that "[s]uch action or proceeding shall be deemed to be an action or proceeding brought against the United States [,] . . . and the United States shall be substituted as the party defendant." *Id.*

Here, the United States Attorney for the Southern District of New York has certified that Sitarz was acting within the scope of her employment with the USPS as to the allegations at issue. (ECF No. 1, Ex. 2.) None of Plaintiff's submissions dispute that Sitarz was acting within the scope of her employment. Accordingly, the Court finds that Sitarz was acting within the scope of her federal employment during the alleged events and, therefore, that the United States is properly substituted as the defendant.

## MOTION TO DISMISS FOR LACK OF JURISDICTION

The United States moves to dismiss for lack of subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* Although "[t]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, . . . jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir.2008) (internal quotation marks omitted), *aff'd*, 561 U.S. 247 (2010). Thus, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) a district court may consider evidence outside the pleadings." *Id.* (citing *Makarova*, 201 F.3d at 113).

The FTCA provides that "[a]n action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a); *see McNeil v. United States*, 508 U.S. 106, 111 (1993) (describing the exhaustion requirement as "unambiguous"). "*[A]ll* suits against the United States, including those originating in state court against defendants yet to be formally replaced by the United States, must be subject to the administrative-exhaustion requirements specified in 28 U.S.C. § 2675." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 83-84 (2d Cir. 2005) (discussing 28 U.S.C. § 2679(d)(5)). This exhaustion requirement is "jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). Additionally, the Supreme Court has held that this

exhaustion requirement should not be excused merely because a plaintiff is proceeding pro se. *McNeil*, 508 U.S. at 113; *accord Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004).

The Court must dismiss this action for lack of subject matter jurisdiction because it is undisputed that Plaintiff did not file his administrative claim until after his lawsuit, which he had originally filed in state court, was removed to federal court. Plaintiff's Amended Complaint attaches both his administrative claim, dated April 20, 2019, and the denial thereto, dated March 23, 2020, both of which post-date the filing of the instant suit. (ECF No. 12-1 at 17-19 of 126.) In support of its motion, the United States relies on the sworn declaration of Kimberly Herbst, Supervisor, Tort Claims Examiner/Adjudicator for the USPS, which indicates that the only tort claim filed by Plaintiff in the USPS database was filed April 23, 2019. (ECF No. 11.) In other words, there is no dispute that Plaintiff filed this lawsuit before he filed the administrative complaint. Since administrative claims filed after the initiation of an FTCA suit do not confer jurisdiction, *Mayes v. United States*, 790 F. App'x 338, 340 (2d Cir. 2020), this Court lacks jurisdiction and must dismiss the action.[1]

---

[1] The Court directs Plaintiff to 28 U.S.C. § 2679(d)(5):

> Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if—
>   (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
>   (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(d)(5). While the Court makes no finding here as to whether he has exhausted, if Plaintiff were to exhaust administrative remedies, he could then re-file a substantially similar FTCA claim in federal court. This would be a new action and not a continuation of the instant case.

## CONCLUSION

For the foregoing reasons, the Court (1) accepts the late-filed Amended Complaint as the operative instrument; (2) construes the United States' motion as against the Amended Complaint, (3) grants the United States' motion to substitute, and (4) dismisses the case for lack of subject matter jurisdiction without prejudice to recommencement.

The Clerk of the Court is directed to (1) substitute the United States as the Defendant, (2) terminate the motion at ECF No. 9, (3) terminate this action for lack of subject matter jurisdiction, (4) mail a copy of this opinion and order to pro se Plaintiff at the address on ECF; and (5) show service on the docket.

Dated: July 19, 2021  
       White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge